# Central of Ga. Ry. Co. v. Merrill & Co.

## Damages for Loss of Goods.

(Decided Dec. 19, 1907. 45 South. 628.)

1. *Carriers; Bills of Lading; Limitations of Liability; Construction.*—The stipulation in the bill of lading that no carrier shall be liable for loss or damage not accruing on its portion of the route nor after said property is ready for delivery to the consignee, is a limitation or qualification of the carrier's common law liability and is strictly construed in favor of the shipper and the term "carrier" should be construed as referring not only to the capacity of the company as a transporting agency but to its contractual entity in its dual capacity of carrier and warehouseman; and so construing the stipulation as being one undertaken to contract against liability for loss, however negligently brought about, such stipulation is void.

2. *Same; Carriage of Goods; Delivery; Reasonable Time; Change in Nature of Liability.*—The relation of carrier does not cease by

operation of law and become that of warehouseman until after the lapse of a reasonable time, after the consignment is ready for delivery to the consignee by the carrier at destination, in which to accept the shipment.

3. *Same; What is the Reasonable Time for Acceptance by Consignee.*—When not regulated by statute what is a reasonable time for a consignee to accept a shipment depends upon the particular circumstances attending each case, such as the proximity of consignee to point of destination, his knowledge of the arrival of the shipment, etc.

5. *Same.*—Where a shipment was ready for delivery about noon of a certain day and the goods were destroyed by fire after ten o'clock of the same night, and it did not appear where the consignee lived or was engaged in business or that he knew of the arrival of the goods and the readiness for delivery, the time intervening between their arrival and their destruction by fire was not such a reasonable time for delivery as would change the company's liability from that of carrier to that of warehouseman.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by A. F. Merrill & Co. against the Central of Georgia Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

CHARLES P. JONES, and W. F. THETFORD, JR., for appellant. The only question presented by the record is as to the validity of the condition contained in the bill of lading that the defendant should not be liable for loss after the goods were ready for delivery.—*Western Ry. of Ala. v. Little,* 86 Ala. 159. The court will presume a valid consideration.—*L. & N. R. R. Co. v. Oden,* 80 Ala. 38; *York County v. Central R. R. Co.,* 3 Wall. 107. The reduction of 20 per cent of the lawful freight charges was a sufficient consideration to support the condition.—*N. C. & St. L. v. Parker & Co.,* 123 Ala. 683.

C. E. REID, for appellant. The demurrers to the 2nd plea were properly sustained.—*Tallassee Falls R. R. Co. v. Western R. R. Co.,* 128 Ala. 167; *Ludden v. C. & W. R. R. Co.,* 89 Ala. 612; *L. & N. R. R. Co. v. Oden,* 80 Ala. 38; *N. C. & St. L. R. R. Co. v. Parker,* 123 Ala. 683.

[Central of Ga. Ry. Co. v. Merrill & Co.]

The stipulations set out in the 2nd plea were against public policy and void.—Authorities supra. Where the facts are undisputed, the question as to what is reasonable time, is one of law for the court and the affirmative charge was properly given for the plaintiff.—*C. & W. R. R. Co. v. Ludden, supra; Tall. Falls Co. Case, supra; Collin's Case,* 104 Ala. 390; *Giddens v. Bolling,* 92 Ala. 586.

McCLELLAN, J.—The plaintiffs (appellees) instituted this action for the loss of certain goods freighted by them to a station on appellant's line of railroad. The shipment arrived at its destination and was ready for delivery about noon of March 27, 1905, and on that night was burned in appellant's depot, which was then consumed without the fault or negligence of the appellant, its servants or agents.

The point taken and stressed is that the relation of carrier had terminated, and that of warehouseman existed, at the time of the destruction of the property. Plea 2 sets up as the basis for this contention the following stipulation in the bill of lading: "No carrier shall be liable for loss or damage not accruing on its portion of the route, nor after said property is ready for delivery to the consignee." Being a stipulation intended to qualify or limit the common-law liability, it must be strictly construed against the carrier and in favor of the shipper.—6 Cyc. pp. 409, 410, and notes; *A. G. S. R. R. v. Thomas,* 89 Ala. 294, 7 South. 762, 18 Am. St. Rep. 119. In this light we cannot take the term "carrier" as referring only to the transportative capacity of the company undertaking the duty in the premises. It refers to the contracting entity, rather than to one of the capacities in which it serves the public. In other words, the limitations borne by the clause are not confined in ef-

fect to the common carrier as such; and this is evident when it is noted that the phraseology of the stipulation takes no account of the universally recognized dual relation of common carrier and warehouseman, succeeding each other by operation of law and capable of obtaining with reference to property intrusted for shipment to its care. If we are correct in this interpretation of the term, the stipulation should be read "company," instead of "carrier;" and, in that event, the provision is one undertaking to contract against liability, however negligently the loss may be inflicted. Such limitations on liability, under the influence of repeated adjudications here, must be declared void.—2 Mayfield's Dig. p. 648, citing authorities; 6 Cyc. p. 387 et seq., and notes.

The plea asserts the position of appellant to be that the latter sentence in the clause was to effect a change of liability from that of a common carrier to that of a warehouseman. In support of this insistence *Western Ry. v. Little,* 86 Ala. 159, 5 South. 563, is cited. The stipulation of the bill construed in that case was as follows: "That the company will not hold themselves liable for damages (either from fire or other cause) as common carriers, for any article after it has been transported to its place of destination, and been placed in the depot of the company." It is plain that the purpose of the provision was to determine, upon the event, the more exacting liability of common carrier, and to allow the more immediate attaching of the less exacting liability of a warehouseman. The difference between the stipulation there and here is palpable. We do not think there can be drawn from this clause any purpose to end the higher liability and submit the rights of the parties to the lesser. It is true the stages from acceptance for transportation to delivery are mentioned, in a way, in the respective sentences composing the clause; but from

this there can be found no warrant for a conclusion that the intent of the provision was to exempt, upon the condition, the company from the severed liability. The case of *Tallassee Mfg. Co. v. Western Ry.*, 128 Ala. 167, 29 South. 203, is also distinguishable from this, in that the clause there passed upon expressly undertook the shifting of the liability from that of a common carrier to that of a warehouseman. Notwithstanding the general duty to construe contracts, or their provisions, with the view to sustain rather than defeat them, the clause at hand does not appear to afford any opportunity to give it an interpretation other than that stated. It is either valid or void, depending solely upon the consideration whether a flat stipulation against every liability, however invited, can be sanctioned. If the question was whether the parties could legally terminate, by appropriate expression, the stringent responsibility of a common carrier, short of the time the law maintains it, and erect that of a warehouseman, the *Little Case, supra*, would be apt for citation. It results that the demurrer to plea 2 was properly sustained.

The appellant insists that the affirmative charge erroneously took from the jury the inquiry whether a reasonable time had elapsed, after arrival of the goods and before their destruction, for the acceptance of the shipment by the consignee. The rule is that, after the consignment is ready for delivery at destination to the consignee, the custody as a common carrier will not cease by operation of law, and become that of a warehouseman, until the lapse of a reasonable time in which to accept the shipment.—*Tallassee Co. v. Western Ry., supra; L. & N. R. Co. v. Oden*, 80 Ala. 38. What is a reasonable time must necessarily vary with the circumstances attending each case, where the statute does not apply. Leading among influential conditions determining

the reasonableness of the period are the proximity of the consignee to the point of delivery and knowledge of the consignee of the arrival of the shipment thereof. The bearing of these facts on the issue, while not, of course, conclusive in any sense, are measurably persuasive in the premises; for it is obviously more reasonable for one who knows of the arrival of the consignment, or for one whose residence or business is near by the carrier's station, to accept his property, than for one not so informed or so conveniently situated. The record shows, without conflict, that the property was ready for delivery about noon on March 27, and was burned that night after 10 o'clock. There is an absence of evidence that the consignee knew of its arrival or readiness for delivery, or where he resided or was engaged in business. Under these circumstances we cannot affirm that the trial court incorrectly concluded that the period between the time when the articles were ready for delivery and their destruction was reasonable under the rule. We know that the daylight, within the period, was at that season seven hours at most, and that space is certainly, under the conditions here appearing, not a reasonable time within which appellant's duty and liability should have been materially changed from one of insurance, aside from the limited exceptions the law invokes, to one of responsibility for negligence only.

There is no error in the record, and the judgment is affirmed.

Affirmed.

Tyson, C. J., and Haralson and Denson, JJ., concur. Tyson, C. J., limiting his concurrence to the conclusion reached.