159 So. 836

**PALETZ et al. v. TAYLOE et al.**

**2 Div. 54.**

Supreme Court of Alabama.

Feb. 28, 1935.

J. Paul Jones and S. W. Compton, both of Linden, for appellants.

132

McKinley & McDaniel, of Linden, for appellees.

BOULDIN, Justice.

Count 3 of the complaint claimed the sum of $175 due for rents upon a storehouse and lot, described therein, pursuant to a lease contract in writing for a term named at $25 per month. The count identifies the contract, giving date, names of parties, terms of rent, and monthly installments due and unpaid. There was no demurrer to such count.

█ It is insisted the contract was not admissible because of variance, in that the complaint imports an absolute obligation, while the contract is conditional. The contract contained certain covenants by the lessees to renovate and repair, provided for termination of the lease in case the building was destroyed by fire or the elements, postponed its operation in case there was delay in giving possession to the lessees (the house being then occupied by another tenant), with option in the lessees to cancel if possession was delayed. None of these contingencies arose. The contract offered in evidence conformed to count 3 as to all matters averred therein. The objection for variance was not well taken. The case of Kilgore v. Arant et al., 25 Ala. App. 356, 146 So. 540, does not hold to the contrary.

█ If proof of execution was necessary on plea of the general issue, it was fully supplied later on in the trial. True, the contract did not make out a case for plaintiffs, and proof that rents had accrued thereunder and amount thereof were required. The court had a clear discretion to reopen the case for such proof after both plaintiffs and defendants had rested on the introduction of the contract.

Defendants, by special pleas 3 and 4 claimed by way of set-off or recoupment the value of certain shelving alleged to have been put

in the store building by defendants, not attached to the building, also counters, tables, and built-in clothes racks, all left in the store when vacated by defendants and appropriated by plaintiffs to their use.

Plaintiffs interposed to these pleas replication B setting up the stipulation in the lease obligating the lessees "to renovate and repair said building and property, at their own expense, in a manner to make it suitable for their business to be conducted therein."

■ The original judgment entry, as well as that entered on motion nunc pro tunc, merely recites "defendants' demurrers to replication B overruled." Such recital, a mere copy of the bench notes, is not a judgment on demurrer, and does not present a ruling on demurrer for review on appeal. Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583; Alabama National Bank v. Hunt et al., 125 Ala. 512, 28 So. 488.

The special rejoinder to replication B merely traversed the replication. The trial court admitted all evidence offered as to the character of these items, and their value. It appears evident he considered such testimony as properly presented under the pleas and replication.

■ In entering up the judgment, a waiver of exemptions as to personal property was incorporated therein. After the present appeal was taken, plaintiffs moved to amend the judgment nunc pro tunc by striking out such waiver clause. The complaint set up no waiver, and the bench notes, directing the clerk as to the judgment to be entered, mentioned no waiver. The record, therefore, furnished full evidence for the amendment. It is not a case of an erroneous adjudication, sought to be remedied after the court has lost control over the judgment. There was no error in so amending the judgment. McGowan v. Simmons, 185 Ala. 310, 64 So. 569; Seymour & Sons v. Thomas Harrow Company, 81 Ala. 250, 251, 1 So. 45.

The judgment for plaintiffs in the sum of $115.45 is to be awarded the presumption indulged in favor of the verdict of a jury. We find no sufficient reason to disturb same.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.