12 So.2d 567

### THOMAS v. WHITE et al.

#### 8 Div. 212.

Supreme Court of Alabama.

March 11, 1943.

W. A. Barnett and O. B. Hill, both of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellees.

GARDNER, Chief Justice.

Plaintiff sued to recover damages suffered, as he alleges in his complaint, on account of the negligence of defendant J. R. White in removing his house under contract with the State highway construction, and White's bondsman is also made party defendant. Presumably, on account of adverse ruling on demurrer to his complaint plaintiff moved for a non-suit and appealed. The point is made by appellees that the judgment entered is not such a final judgment as will support an appeal, and of consequence the appeal should be dismissed.

After reciting that plaintiff moved for a non-suit on account of adverse ruling of the court, the minute entry proceeds: "It is therefore considered and adjudged by the court that the defendant go hence and have and recover of the plaintiff all costs incurred in this prosecution, for which let execution issue."

This order "put the case out of court," and constitutes a final judgment. Wood v. Coman, 56 Ala. 283, cited approvingly in Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76. This is in accord with current authorities. Freeman on Judgments, 5th Ed., p. 37; 18 Words and Phrases, Perm.Ed., p. 423; 2 Am.Jur. p. 867.

The appeal is not therefore due to be dismissed.

The assignments of error and argument based thereon relate to the alleged ruling of the court sustaining demurrer to plaintiff's complaint.

The point is made by appellees that the minute entry discloses no sufficient judgment of the court on demurrer which justifies a review thereof. We feel impelled to hold the point is well taken. The only matter relating to the court's ruling on demurrer is the following: "August 18, 1941. The court sustains said demurrers and the plaintiff is given ten days to file amended complaint or take".

A very similar entry was involved in Tallassee Falls Mfg. Co. v. Western Railway of Alabama, 128 Ala. 167, 29 So. 203, 204, and the holding was that "under the rule established by several decisions of this court upon the effect of such recitals the appellant can take nothing by assignments

of error based upon them." And in Alabama National Bank v. Hunt et al., 125 Ala. 512, 28 So. 488, 489, speaking of a similar minute entry, it was observed that "the mere copying into what purports or was intended to be a judgment entry, of memoranda made on the docket by the judge, such as 'plaintiff's demurrer to 4th, 5th and 6th pleas overruled and demurrer to other pleas sustained,' is not sufficient as a judgment upon the demurrers." And, in the more recent case of Paletz v. Tayloe, 230 Ala. 131, 159 So. 836, 837, it is said: "The original judgment entry, as well as that entered on motion nunc pro tunc, merely recites 'defendants' demurrers to replication B overruled.' Such recital, a mere copy of the bench notes, is not a judgment on demurrer, and does not present a ruling on demurrer for review on appeal. Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583; Alabama National Bank v. Hunt et al., 125 Ala. 512, 28 So. 488."

Following in the wake of our uniform decisions upon the question, it must be said there is no judgment on demurrer sufficient to here permit a review thereof, and that the assignments of error based thereon are not for consideration.

It results that the judgment is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.