33 So.2d 25

## LIFE & CASUALTY INS. CO. OF TENNESSEE v. BRYAN.

4 Div. 995.

Court of Appeals of Alabama.

Oct. 28, 1947.

Rehearing Denied Dec. 16, 1947.

Ballard & Ballard, of Montgomery, for appellant.

John C. Walters, of Troy, for appellee.

HARWOOD, Judge.

Suit below was by the plaintiff (appellee here) against defendant company (appellant here) on a life insurance policy issued by appellant on the life of James L. Bryan, the beneficiary of said policy (appellee), being the mother of the insured James L. Bryan.

The complaint contained three counts, the first count claiming $428 due on the policy, the second and third counts claiming an additional sum equal to the face of the policy because of insured's death by accidental means. Count one was in code form, and its sufficiency was not contested.

In the proceedings below the appellant filed three pleas, the first being the general

issue, the second being a plea of tender, and the third being to the effect that the policy sued on contained a clause that if the insured engaged in military service in time of war the appellant's liability would be restricted to the net reserve of the policy unless the insured first obtained from the appellant a written permit for such service and paid an extra premium; that insured did engage in World War II, did not obtain such permit, and did not pay any extra premium; and further that appellant has tendered the amount due.

Demurrers were filed to pleas two and three and by the court sustained. Each plea was thereafter amended three times, the demurrers thereto refiled, and in each instance sustained by the court, this action of the court being denoted in the record in each instance by a copy of memoranda made on the docket of the judge.

The judgment entered in the case by the trial judge was as follows:

"This cause coming on to be heard on this the 1st day of October 1946, came the parties hereto by their Attorneys and issue being joined came a jury of good and lawful men, to-wit: Chas. T. Laney Foreman, and eleven others who being duly sworn and empanelled according to law upon their oaths do say, We, the Jury find for the plaintiff under Count One of the Complaint and assess the damages at $524.01.

"It is therefore considered, ordered and adjudged by the Court that the Plaintiff do have and recover of the Defendant the sum of $524.01, together with the costs in this behalf expended for the recovery of which execution may issue."

Appellant's assignment of errors one, two, three and four are to the effect that the court erred in sustaining the demurrers to pleas two, and three, and to said pleas as amended.

 A mere recital or copy of the trial judge's bench notes is not a judgment on the demurrer, and does not present a ruling on demurrer for review on appeal. Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583; Alabama·National Bank v. Hunt et al., 125 Ala. 512, 28 So. 488; Tallassee Falls Mfg. Co. v. Western Railway of Alabama, 128 Ala. 167, 29 So. 203; Pal-

etz v. Tayloe, 230 Ala. 131, 159 So. 836; Thomas v. White et al., 244 Ala. 128, 12 So.2d 567. Under the above doctrine it is our opinion that while we must consider pleas two and three as having been eliminated by the action of the trial judge in sustaining the demurrers to said pleas, no judgment having been entered evidencing such action, by the trial court, the rulings of the court in sustaining the demurrers to pleas two and three are not reviewable by us.

Thus, the pleadings in this cause were limited to the complaint and the general issue.

In the trial below the plaintiff introduced the policy sued on, and one witness, Mr. H. L. Gibson, agent for the appellant company in Troy. He testified that before this suit was filed the appellee came to his office and filled out a proof of loss for the death of her son, the insured. Mr. Wilson filled out the proof of loss himself, as he had authority to do, mailed the proof of loss to the district office of appellant, and was later notified of its receipt by the company.

The defendant introduced interrogatories and answers propounded to S. M. Wells, Manager of the Claims Department of the appellant company. The pertinent portion of Mr. Wells' testimony, in so far as this decision is concerned, was to the effect that proof of death forms covering insured's death were submitted to the company, copies of which were attached to the answers as Exhibits. These forms show that the mother of insured (appellee) certified that the insured was killed in action while in the United States Navy, that the place of his death was a military secret, and that his body was never found.

On the opposite side of the mother's certificate is the copy of the certificate of Mr. Wilson, which contains, among others, the following questions and answers: "8. What in your opinion was the cause of death? U. S. Navy—See wire." "10. What evidence have you that deceased was the same person insured under the above policy or policies?—Telegram, which I have copy."

In this connection it is noted that the policy provides, as to proof of death, that "immediately upon receipt· of due proof of·

296

the death of the insured while this policy is in full force and effect," etc., the company would pay the amount of the insurance specified in the policy.

No other evidence, material under the issues developed by the pleading was presented.

The court gave the affirmative charge to the jury requested in writing by the appellee.

Appellant's fifth and last assignment of error was that the court erred in giving the affirmative charge for the plaintiff on count 1.

 If the proof of death made out in the trial below, be sufficient, then that together with the introduction of the policy established a prima facie case for appellee. Manhattan Life Insurance Co. v. Verneuille, 156 Ala. 592, 47 So. 72. In our opinion the evidence submitted was amply sufficient to establish the proof, of death. See Jefferson County Burial Society v. Curry, 237 Ala. 548, 187 So. 723. We find no evidence controverting the prima facie case established by the pleadings in the state they are before us. We therefore cannot say that the lower court erred in giving the general affirmative charge for the plaintiff below.

Affirmed.