41 So.2d 627

**JONES v. DANIEL.**

**7 Div. 991.**

Court of Appeals of Alabama.

June 21, 1949.

Hugh Reed, Jr., of Centre, for appellant.
Irby A. Keener, of Centre, for appellee.

CARR, Judge.

Wallace H. Daniel brought suit against Alf Jones and Bob Reed in which he claimed damages for personal injuries. It is alleged in the one count of the complaint that the two indicated parties committed an unlawful assault on Daniel.

In the court below there was a judgment in favor of the plaintiff and against only the defendant Jones. Motion for a new trial was duly filed and overruled by the trial judge.

■ The judgment entry reflecting the action of the court in overruling the demurrers to the complaint is not sufficient. It appears as simply a copy of the judge's bench notes and is in this form: "July 14, 1947—Demurs (sic) to complaint overruled." Paletz et al v. Tayloe et al, 230 Ala. 131, 159 So. 836; Life & Cas. Ins. Co. of Tenn. v. Bryan, 33 Ala.App. 294, 33 So.2d 25; Thomas v. White, 244 Ala. 128, 12 So.2d 567.

■ Assignments of error 14, 15, and 16 are not sufficiently argued in brief to invite our review. No authorities are cited, and the argument in effect is the general statement that the rulings of the court in respect to each matter constituted prejudicial error. Powell v. Bingham, 29 Ala.App. 248, 196 So. 154; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604.

In appellant's reply or supplemental brief, these assignments are given more elaborate attention. This, however, does not remedy the deficiency in the original brief. Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Dickens v. Dickens, 174 Ala. 345, 56 So. 809.

■ Assignment number 11 is based on a ruling of the court incident to the introduction of the evidence. Appellant objected to the question after answer was made thereto. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Smith v. State, 16 Ala.App. 546, 79 So. 802.

Assignment number 12 is as follows: "The court erred in allowing appellee's witness W. W. White to testify, giving diathermic treatment to the side of Appellant, (Bottom page 81 top page 19)"

We are sure that "page 81" is not here intended, for there are only 79 pages in the entire record. Evidently "18" should have been indicated instead. Even so, no reference appears at the bottom of page 18 or top of page 19 to "diathermic treatment." At the bottom of page 17 the doctor was asked: "How much later was it you X-rayed him, Doctor?" No objections were interposed to the question. The witness proceeded to answer, and in his reply referred to "giving diathermic treatments." Objections were then interposed. The proper proceeding would have been a motion to exclude.

We have gone into this matter in some detail to illustrate the confusion that can be occasioned by inadvertent mistakes in assignments of error.

■ This is a clear example of the wisdom of the rule which provides that appellant must succinctly point out error in his assignments. The mere assertion that the ruling of the court in a certain aspect was erroneous does not meet the rule's demands. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94, Great Atlantic & Pacific Tea Co. v. Smalley, 26 Ala.App. 176, 156 So. 639; Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371.

■ Assignment number 13 is also subject to criticism of not being sufficiently specific.

We do not wish to appear to be ultra technical and exacting. However, the rules of the appellate courts were adopted to serve a convenient and commodious purpose. Their observance should be practiced by the profession.

The given and refused charges are each unnumbered. Assignments of error 6, 7, 8,

and 9 are based on the action of the court in giving four of these instructions at the request of the plaintiff. Each in effect purports to state the same principle. That is: that the defendants were not privileged to use more force than was reasonably necessary to arrest and detain the plaintiff.

The evidence tends strongly to support the position that the appellee was violating the law and was subject to arrest and detention. The duty thus imposed on the officers to make the arrest did not arm them with the right to use more force than was reasonably necessary to accomplish this purpose. Evans v. Walker, 237 Ala. 385, 187, So. 189; Patterson v. State, 91 Ala. 58, 8 So. 756.

So the charges do not state an incorrect principle of law. If they are lacking in completeness, explanatory instructions should have been tendered. Claude Jones & Son et al v. Lair, 245 Ala. 441, 17 So.2d 577; Evans v. State, 17 Ala.App. 141, 82 So. 625; Varnon v. Nabors, 189 Ala. 464, 66 So. 593; Conner v. Foregger, 242 Ala. 275, 7 So.2d 856.

Without dispute in the evidence, the appellant struck the appellee a blow on the head with a blackjack. If the testimony of the appellee is to be accorded verity, this was done without any legal justification or right. The evidence in appellant's behalf tended to support a contrary state of circumstances. Thus, disputed factual issues clearly appear and the general affirmative charge was not due the defendant.

In reviewing the matter of instant concern the rule requires that we accept as true the evidence offered by the party against whom the affirmative instruction is directed and accord to him all legitimate inferences therefrom. Tidmore v. Mills, 33 Ala.App. 243, 32 So.2d 769; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355.

We are not persuaded that we should disturb the judgment of the trial judge in the matter of the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

The judgment of the nisi prius court is ordered affirmed.

Affirmed.

BRICKEN, P. J. not sitting.