JOSEPH H. HOLLISTER *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY.

Franklin.   Sept. 22. — Oct. 23, 1875.   AMES & DEVENS, JJ., absent.

In an action against a mutual fire insurance company upon a policy of insurance against fire, it appeared that a by-law of the company provided that: "If the insured shall neglect for the space of ten days, when personally called on, or after notice in writing has been left at his last and usual place of abode or business, to pay any assessments, the risk of the company shall be suspended until the same is paid; and

If the assured shall refuse to pay any assessment, or if for any other cause the risk is considered unequal or injurious to the company, the directors may terminate the same by giving notice thereof in writing, signed by the secretary, either personally or by mail to the insured." The company levied an assessment and sent notice to the plaintiff of the amount due on his policy, and that a failure to respond for thirty days would render the policy void. · The notice was signed by the treasurer and accompanied by a statement of the condition of the company, and a copy of the vote of the directors, signed by the secretary. The vote recited that the policies of all holders who paid the assessment according to law should continue in force, and the policies of all holders who should not pay the same within thirty days after the time when the same was collectible should be cancelled. The assessment was not paid, and nothing further was done by the company in regard to the policy before the property insured was destroyed by fire, more than thirty days after the notice was received. *Held,* that a failure to pay the assessment within ten days after notice suspended the risk under the first clause of the by-law; that the vote of the directors had reference merely to the second clause of the by-law; and that the plaintiff could not maintain the action.

A by-law of a mutual fire insurance company provided that: " If the insured shall neglect for the space of ten days, when personally called on, or after notice in writing has been left at his last and usual place of abode or business, to pay any assessment, the risk of the company on the policy shall be suspended until the same is paid." A policy holder was not personally called on for an assessment, and a notice in writing was not left at his last and usual place of abode or business, but he received a notice by mail, and had some correspondence with the company about the assessment, which he did not pay, but made no objection to the way in which the notice reached him, until after the building insured was destroyed by fire, some months after the notice was received. *Held,* in an action on the policy, that any objection, to the manner of receiving the notice, must be deemed to have been waived.

If the by-law of a mutual fire insurance company provides that any risk insured shall be suspended, unless an assessment is paid within a certain time, it is not a valid excuse on the part of a member, for a neglect to pay the assessment, that the company owes him a less sum, if he does not offer to pay the balance.

CONTRACT on a policy of insurance, dated July 18, 1871, by which the defendant insured the plaintiff against loss or damage by fire, to the amount of one thousand dollars, on a building in Greenfield, for five years. The answer denied that the policy was in force on July 4, 1873, when the building was destroyed by fire.

Trial in the Superior Court, before *Aldrich,* J., who ordered a verdict for the defendant, and reported the case for the consideration of this court. The substance of the report appears in the opinion.

*C. C. Conant,* for the plaintiff.

*D. Aiken,* for the defendant.

ENDICOTT, J.   The thirteenth by-law of the defendant provides that: "If the insured shall neglect for the space of ten days, when personally called on, or after notice in writing has been left at his last and usual place of abode or business, to pay any assessment, the risk of the company on the policy shall be suspended until the same is paid ; and if the insured shall refuse to pay any assessment, or if for any other cause the risk is considered unequal or injurious to the company, the directors may terminate the same by giving notice thereof in writing signed by the secretary, either personally or by mail, to the insured, provided such termination of the risk shall not affect the validity of the policy or note, so far as respects past dues."   The first clause of this by-law prescribes the manner in which notice of an assessment shall be given, and also that the risk shall be suspended if the assessment is not paid within ten days.   The second clause relates solely to the power of the directors to terminate or cancel the policy upon refusal to pay or for other cause, but the time when this may be done is not prescribed.

To meet the claims caused by the great fire in Boston, November 10, 1872, an assessment was duly laid on all policies in force. The plaintiff was notified of the amount of the assessment due upon his policy, and that a failure to respond for thirty days would render the policy void.   The notice was signed by the treasurer and sent to the plaintiff by mail.   It was accompanied by a statement of the condition of the company, and a copy of the vote of the directors signed by the secretary.   The vote, after laying the assessment, recites, " that the policies of all holders who pay the assessment according to law shall continue in force according to their terms, and the policies of all holders who do not pay the same within thirty days after the time when the same is collectible shall be cancelled, and the defunct notes given on issuing the policy shall be cancelled and returned," &c.   The plaintiff received the notice on February 6, 1873, but did not pay the assessment ; the company did no further act in regard to his policy ; and on July 4, 1873, the property covered by the policy was destroyed by fire.   The plaintiff now contends that the policy was in force at the time of the fire, although the assessment was unpaid, because it had not been actually cancelled according to the terms of the vote.

Whether by the vote the policy was in law cancelled at the expiration of thirty days without any further act of the directors, it is not necessary to consider, as in our opinion, by the terms of the first clause in the by-law, the risk on the policy was suspended by the failure of the plaintiff to pay the assessment within ten days from the receipt of the notice.

The vote has no reference to the first clause of the by-law, and does not change or modify any of its provisions. It is an exercise of the powers of the directors under the second clause, and determines the time when the directors will cancel or treat as cancelled all policies upon which the assessment has not then been paid. Failure to pay this assessment within ten days after notice suspends the risk on the policy, as provided in the by-law, but by the vote, the policy shall not be cancelled for that reason till the expiration of thirty days.

It is also insisted by the plaintiff that the notice was not given as required by the by-law. It is true the plaintiff was not personally called on for the assessment, and the notice was not left at his last and usual place of abode. But it was received by him in due course of mail, as appears by the report, and he had some correspondence with the defendant in regard to it previously to the fire, in which he acknowledged its receipt and made no objection to the manner in which it reached him. The object of this provision in the by-law is to bring the notice of an assessment to the knowledge of the insured. But this may be waived, and it does not preclude other methods of communication, provided the purpose of the by-law in this regard is accomplished. The objection now for the first time made is purely technical, and as he actually received the notice to which he was entitled without objection, he has been in no way injured by this departure from the by-law, and he cannot avail himself of it.

Nor does it furnish a valid excuse for the nonpayment of the assessment that he had not received from the agent a dividend on an old policy for which he had given a receipt. Even if he was entitled to offset this against the assessment, it would not have paid it; and failure to pay the balance, was failure to pay the assessment as laid.    *Judgment on the verdict.*