(114 So. 132)

## STATE LIFE INS. CO. v. FINNEY.
### (8 Div. 949.)

Supreme Court of Alabama.   Oct. 13, 1927.

**1. Insurance ⟨key⟩646(1)—Insurer alleging insured's election to withdraw accumulated dividends had burden of proof thereof, with necessity of showing waiver of forfeiture of right of election.**

Where defendant in action on insurance policy alleged deceased's election to withdraw accumulated dividends at expiration of 20-year term, it had burden of establishing such allegation, and, in absence of surrender of policy of insurance, duly receipted, had duty of showing an authoritative waiver of forfeiture of right of election resulting from insured's failure to notify insurer of the election in accordance with requirements of policy.

**2. Insurance ⟨key⟩371, 372—Policy provisions for benefit of insurer may be irrevocably waived; consideration is not essential to waiver.**

Conditions or provisions in a policy of insurance inserted for the benefit of the insurer may be waived, and consideration is not essential to support a waiver which, once made, is irrevocable and cannot be recalled.

**3. Insurance ⟨key⟩366—Face value of policy is not recoverable, where insured elected to withdraw accumulated dividends, after insurer's waiver of forfeiture of right of election.**

Where insurer waived insured's forfeiture of right of election relative to withdrawing accumulated dividends at expiration of 20-year term, and insured thereafter exercised his right of election and requested withdrawal of such dividends in cash, recovery cannot be had for face value of policy after his death before payment was effected in accordance with request of insured, it not being necessary that insured should receipt and surrender the policy in accordance with terms of contract.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Action by Mattie S. Finney, as executrix of the last will and testament of James Oscar Finney, deceased, against the State Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Mitchell & Hughston, of Florence, for appellant.

The election by the insured to take his money created a new contract between the parties, by which the company owed Finney the survivorship dividend, which Finney is entitled to collect; but the original policy liability for $2,000 cannot be continued in force, because election has been otherwise. 19 C. J. 1257; 35 Cyc. 127, 143. A right to forfeit must be exercised promptly, or will be deemed to be waived. 36 Cyc. 714; 24 Cyc. 1013; 5 Joyce on Ins. (2d Ed) § 3151; Winston v. Arlington F. I. Co., 32 App. D.

C. 61, 20 L. R. A. (N. S.) 960, 16 Ann. Cas. 104.

Bradshaw & Barnett, of Florence, for appellee.

The failure of Finney to notify the company in writing, 60 days prior to the end of the 20-year period, which option he selected, was equal to an instruction to the company to apply the apportioned accumulations in accordance with the third option. The assured thus elected to have his policy continued under the third option, and his election took place when he failed to notify the company to the contrary. Mecklenburg R. E. Co. v. Kyoleum Co., 142 Tenn. 295, 218 S. W. 821, 14 A. L. R. 944. There can be but one election. An election having been made by Finney, the rights of the parties became fixed and determined 60 days prior to December 31, 1924. If they were changed thereafter, it was by subsequent agreement evidenced by the correspondence of the parties; and, this correspondence no amounting to a contract, there was no agreement superseding the first election. Linn v. McLean, 80 Ala. 360; Derrick v. Monette, 73 Ala. 75; Strong v. Catlin, 35 Ala. 607; McGarry v. Nicklin, 110 Ala. 559, 17 So. 726, 55 Am. St. Rep. 40.

BROWN, J.   This action is by the appellee against the appellant on a "20-year term, 20-year dividend distribution policy" of life insurance, issued to James Oscar Finney on December 31, 1904, insuring his life in the sum of $2,000, payable at his death "to the insured's executors, administrators, or assigns."

It is conceded by the appellant that the premiums due on the policy were paid for the full term of 20 years, and the accumulated dividend accredited to the policy at the end of the term was $80.34. The annual premium for extended insurance under the third option, at Finney's then age of 44 years, was $48.72. Finney died on the 15th of Febuary, 1925, one month and a half after the expiration of the first 20-year term, and proof of his death was waived by the insurer.

The question affecting the insurer's liability depends on the effect of the policy provisions relating to extended insurance and the acts of the parties during the lifetime of the insured. As related to these questions, the pertinent provisions of the policy are:

"A. Five Years—Nonforfeitable.—After five years from the date hereof, should there be a failure to pay any premium on this policy when due, the entire reserve to its credit, as apportioned by the company, shall be applied to the extension of the insurance so long as it will pay a full quarterly premium hereon, and, during the period of such extension, this policy may be reinstated by the payment of defaulted

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

premiums, with interest, and by complying with the company's requirements as to the health of the insured.

"B. *Twenty Years—Options.*—This policy will share in the distributive surplus of the company after the second year, and 20 years from the date thereof, this policy being then in force, and all premiums having been duly paid to that date and not otherwise, a special survivorship dividend will be credited hereon, and no dividend will be allowed or paid hereon until the completion of said period. The owner of this policy *may then apply its entire accumulations and said survivorship dividend according to any one of the following options which he may select:*

"*First.* To surrender this policy, properly receipted, and withdraw its entire accumulations in cash.

"*Second.* To apply, upon the surrender of this policy properly receipted, its total accumulations to the purchase of a paid-up participating policy, at the single premium rates of the company then in use for the then age of the insured.

"*Third.* To leave its entire accumulations with the company, to be applied toward reducing the premiums for the second or any subsequent term to the amount charged for the first term.

"*The insured shall notify the company, in writing, 60 days prior to the end of the 20 years; which option is selected, otherwise the apportioned accumulations will be applied in accordance with the third option.*" (Italics supplied.)

It is without dispute that Finney did not "notify the company in writing 60 days prior to the end of the 20 years which option is selected," and in the absence of what subsequently occurred, it would seem clear that it was Finney's right to have the survivorship dividend accredited to his policy applied, at the end of the term, to the payment of dividends for extended insurance, and if it had been so applied the life of the policy would have been extended beyond the date of his death.

[1] The questions of controlling importance are presented by the defense asserted by defendant's plea 2, that the plaintiff's decedent elected to withdraw the accumulated dividends in cash at the expiration of the 20-year term. The burden of proof here was on the defendant, and in the absence of a surrender of the policy of insurance duly receipted, as required by the first option, it was incumbent on the defendant to show an authoritative waiver by the defendant of the forfeiture of the right of election by Finney, resulting from his failure to notify the company, in writing, of an election 60 days prior to the end of the 20-year term, and a subsequent efficacious election by Finney to settle in accordance with the first option. 27 R. C. L. § 6, p. 910; 37 C. J. p. 613, § 407.

[2] It is well settled that conditions or provisions in a policy of insurance inserted for the benefit of the insurer may be waived, and a consideration is not essential to support such waiver. A waiver once made is irrevocable and cannot be recalled. Washburn, Adm'r, v. Union Central Life Ins. Co., 143 Ala. 485, 38 So. 1011; Mutual Life Ins. Co. of N. Y. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860; 37 C. J. 479, § 201; 32 C. J. 1304, §§ 536, 567; Leonhard v. Provident Saving Life Assur. Soc., 130 F. 287, 64 C. C. A. 533; Hollister v. Quincy Mut. F. Ins. Co., 118 Mass. 478; 13 C. J. p. 609, § 645. Nor is it essential to such waiver that the insured be misled to his prejudice or to an altered position, "if, after knowledge of the facts, its conduct has been such as to reasonably imply a purpose not to insist upon a forfeiture, the law leaning against forfeiture will apply the peculiar doctrine of waiver, invented probably to prevent them and will hold the insurer bound by the election to treat the contract as if no cause of forfeiture had occurred." Washburn, Adm'r, v. Union Central Life Ins. Co., supra; Alabama State Mut. Assur. Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655.

[3] No question is raised as to the authority of C. W. Beckett, who designates himself as "actuary," to bind the defendant company by his acts and conduct. In fact, it is conceded by the appellee that the letter correspondence set forth in the record was between Finney and the defendant, and, applying the principle above stated to the facts of this case, it is clear that the forfeiture of the right of election arising from Finney's failure to give the required notice was irrevocably waived by the defendant's letter of November 28, 1924, in which it advised Finney in response to his inquiry, "You have the privilege of selecting any one of the three options, which are as follows," setting forth in substance the options as stated in the policy. In response to the defendant's letter of November 28th, Finney, in his letter to the defendant dated December 24, 1924, after stating facts showing that the cash settlement offered was 73 per cent. short of the estimates embodied in the policy, stated:

"I presume, therefore, that there is nothing for me to do but to accept what you offer in settlement of the policy. This being the case, I would thank you to send me check for the cash settlement, as I do not feel safe in paying in any more money to an insurance company who miss their calculation as far as the figures shown above indicate."

In response to this letter the defendant, December 29th, advised Finney:

"The only steps necessary in order to surrender are that you fill out the receipt on the inside of the policy for the amount of the survivorship dividend, $80.34, date and sign it yourself, as insured, have your signature witnessed, and return the policy to us. Our check payable to your order will then be forwarded on December 31st."

Nothing further was done by Finney to effect a settlement on the policy, and it is conceded by the appellee that the subsequent correspondence embodied in the record is without influence in fixing the liability of the insurance company. Her contention here is that to constitute an efficacious election on the part of Finney to settle under the first option, it was necessary that he receipt and surrender the policy in accordance with the terms of the contract. The fault in this insistence is it fails to differentiate between what is necessary to an election between the several options provided in the contract and a compliance with the terms of the option so selected.

After the waiver by the defendant of the forfeiture of the right of election, resulting from Finney's failure to give the notice required by the contract, the right of election was restored under the contract, with the element of time eliminated, and all that was required to constitute an election in accordance with the contract was that the insured give the company notice that he desired to withdraw the accumulated dividend in cash at the end of the term, and to this end his letter of December 24,. 1924, was sufficient. 13 C. J. p. 607, § 636.

The foregoing is sufficient to indicate that we are of opinion that the judgment of the learned trial court was laid in error and must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.