## HOME BEN. ASS'N OF BRAZOS COUNTY v. CATCHINGS.

### No. 7589.

Court of Civil Appeals of Texas. Austin.

April 29, 1931.

Rehearing Denied May 13, 1931.

Henderson, Kidd, & Henderson, of Cameron, and Henderson & Hoyle, of Bryan, for appellant.

E. A. Wallace, of Cameron, for appellee.

BLAIR, J.

As beneficiary, appellee sued appellant on its policy of insurance on the life of her husband, and recovered judgment as prayed; hence this appeal.

Appellant claimed forfeiture of the insurance under terms of the policy for failure to pay prior to the death of insured on December 26, 1929, the annual dues of $2, payable October 1, 1929; and for failure to pay assessments 162 and 163 of $1.10 each within ten days from their call dates, November 5 and 15, 1929, respectively. Appellee pleaded and proved waiver of forfeiture by appellant.

It was shown that on December 5, 1929, the insured mailed his check for $2.20 to appellant with notation thereon to credit proceeds in payment of assessments 162 and 163; that contrary to this direction, appellant applied the proceeds in payment of assessments 160 and 161, which its books showed to be unpaid; that appellant did not notify the insured of this action, and made no claim of forfeiture for failure to pay assessments 162 and 163 or the annual dues until long after proof of death of insured had been made on blanks furnished by appellant. That on December 20, 1929, appellant sent insured notice of assessment 164, which appellee paid on December 28, 1929, by check, after the death of insured, but within the 10-day grace period. That appellant received and appropriated the proceeds of these checks with full knowledge that its books showed the annual dues of $2. to be unpaid, with full knowledge that its books showed assessments 160 and 161 to be unpaid, and with full knowledge that the 10-day grace period for payment of assessments 162 and 163 had expired, when it received and appropriated the check of December 5, 1929, in payment of assessments 160 and 161; and that with full knowledge of all these nonpayments appellant sent the insured notice on December 20, 1929, that assessment 164 was due on his policy.

Manifestly, appellant could not accept the check bearing notation to credit the

proceeds in payment of assessments 162 and 163, and apply same in payment of assessments 160 and 161, without the knowledge or consent of the insured, and then claim forfeiture of the insurance for nonpayment of assessments 162 and 163. Nor could it accept the proceeds of the check even in payment of assessments 162 and 163 as directed and then claim forfeiture for failure to pay these assessments within ten days from their respective call dates. The acceptance of an overdue premium or assessment by an insurance company or mutual benefit association waives the right to forfeit the insurance under the terms of the policy or certificates for nonpayment. And manifestly the unequivocal acts of appellant in accepting the check of December 5, 1929, and the mailing of notice of assessment 164 on December 20, 1929, with full knowledge that the policy was forfeited under its terms for failure to pay the annual dues and certain assessments which its books showed to be unpaid, evidenced the intention on the part of appellant to treat the policy as binding after the dates on which, under its terms, it would be forfeited, and such conduct on the part of appellant amounted to a waiver of any forfeiture provision for such nonpayments. Equitable Life Assur. Soc. v. Ellis, 105 Tex. 526, 147 S. W. 1152, and 152 S. W. 625; Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101; Stone v. Brady Mutual Life Ins. Ass'n (Tex. Civ. App.) 2 S.W.(2d) 538.

■ But appellant contends that it did not know the insured was dangerously ill and that he continued so until his death, at the time it received the checks and appropriated the proceeds as above detailed; and that without knowledge of these facts it could not be held to have waived forfeiture under the provision of the policy that where forfeiture was for nonpayment of annual dues or assessments, the holder could only reinstate the insurance by furnishing a medical certificate showing good health. The contention is without merit for two reasons: In the first place, the policy was never forfeited, but as was held in the Equitable Life Case, supra, the conduct of appellant in receiving and appropriating the proceeds of the checks, and in continuing to send notices of assessments with full knowledge that it could forfeit the policy or that same was at the time forfeited by its own terms, constituted a "manner of dealing by the insurer with a previous default, evidencing a purpose to maintain the insurance in force even at some breach of its rules and general policy." The matter of furnishing a medical certificate was merely incident to reinstatement of the insurance, and the conduct which waived the right of forfeiture of the policy on the ground of nonpayment of dues would in like manner waive the incidental matter.

In the second place, if the annual dues and assessments had been paid in time, the fact that the assured was dangerously ill at the time of making payments would not be ground for forfeiture of the policy. The only tenable right appellant had for forfeiture was failure to pay the dues and assessments when due under the terms of the policy. The following annotation of the cases under consideration by 5 R. C. L. (Permanent Sup.) p. 3767, § 367, states our views in this regard:

"Quoted in Hinkson v. Kansas City L. Ins. Co., 93 Or. 473, 183 P. 24.

"The acceptance by a benefit society of a check for dues dated within the month during which they were payable, but not received by it until the following month, and its return of a receipt with notice where to pay future dues, which are accepted until death, waives a provision in the certificate suspending a member for failure to pay dues within the month when they are due, and providing that he cannot be reinstated unless he is in good health, and recovery may be had thereon, although when the payment was received he had been stricken with his last illness, of which fact the insurer was ignorant. O'Connor v. Knights and Ladies of Security, 178 Iowa, 383, 158 N. W. 761, L. R. A. 1917B, 897."

We find no error in the trial court's judgment, and it is affirmed.

Affirmed.

### On Motion for Rehearing.

By its motion for a rehearing appellant contends that our decision in this case is in conflict with our decision in the case of Milam County Mutual Life & Accident Ass'n v. Watson, 29 S.W.(2d) 813, and the decision of the Beaumont Court in the case of Kansas City Life Ins. Co. v. Elmore, 226 S. W. 709, 719. This contention is predicated upon the following general language either used or quoted in the Elmore Case: "If there was an acceptance of the payment, but this was after the forfeiture, and such acceptance was made in ignorance of the sickness and death of the insured, there would be no such waiver of the forfeiture as would bind the insurer. * * * A waiver presupposes a full knowledge of a right existing and an intentional surrender or relinquishment of that right."

In the Watson Case the insured was dead at the time the acts of waiver of forfeiture relied upon were done. There is no analogy between that case and the instant case, where the acts of waiver of forfeiture relied upon were done while the insured was living, but ill.

The Elmore Case is entirely in accord with our opinion herein, and holds that acceptance by an insurance company of payment of a premium before the expiration of the time for payment may waive the right to forfeit the policy for failure to pay in the manner required, though the insurance company when

it accepted the payment was ignorant of the serious illness of the insured. We quote as follows from that decision: "As to the manner of payment before forfeiture, we do not hold that it was essential for the appellant to know of the sickness of the insured. If the acts, conduct, or agreement of the appellant with the bank were such as to induce policy holders or their representatives, in paying the premium, to believe that the appellant would accept a deposit in the bank as payment, it may be the manner of payment, from such acts could be inferred, was waived."

The motion is overruled.

Overruled.