## THE MACCABEES v. HELTON et al.
### No. 7937.

Court of Civil Appeals of Texas. Austin.
March 28, 1934.

Rehearing Denied April 18, 1934.

E. J. Jeffries, Jr., of Detroit, Mich., and E. O. Street, of Waco, for appellant.

Baker & Baker and J. B. Dibrell, Jr., all of Coleman, for appellees.

BLAIR, Justice.

Appellant, The Maccabees, sued appellees, Lester Lee Helton and wife, Estelle Helton, to cancel a $5,000 benefit certificate, issued by appellant upon the life of Helton, and payable to his wife as beneficiary, because of alleged misrepresentations made in the application for the insurance, alleging that Helton falsely represented that he carried no other insurance; that prior to November 4, 1927, the date of the application, he had not been an inmate of any hospital, and had not been advised to have a surgical operation; and that he had not consulted a physician for any disease or injury within the five years next preceding the date of the application.

Appellees denied making any misrepresentations, and pleaded that if they were made, appellant with full knowledge of them accepted premiums and dues on the certificate, and thereby waived its right to cancel the certificate on account of such alleged misrepresentations. By way of cross-action Helton alleged that the certificate or policy of life insurance issued and delivered to him by appellant provided for the payment of $5,000 upon his death to his beneficiary, and further provided for payment, "at the option of the member, one-half of the amount specified to be paid at his death, * * * in the event

of permanent total disability after one full year of continuous membership"; and that after the expiration of one year of continuous membership in appellant association, he became totally and permanently disabled, and prayed for judgment for $2,500 under the terms of the certificate.

No issue was submitted or requested as to whether appellee had other insurance. Appellee obtained a favorable answer of the jury on all issues of alleged misrepresentations, except a finding that he had consulted a physician for diseases or injuries within the five years next preceding the date of his application for the insurance. The jury further found that after learning of the falsity of the representations contained in the application, appellant collected and accepted premiums and dues accruing under the terms of the certificate; and in accordance with the findings of the jury and the undisputed evidence, judgment was rendered denying the prayer of appellant to cancel the certificate of insurance, and judgment was rendered in favor of appellee Lester Helton for $2,500, on his cross-action against appellant; hence this appeal.

The jury's finding on the issue of waiver is conclusive of all issues raised by appellant save one, which will be later discussed. The evidence on the waiver issue is as follows:

■ Helton made application for membership and insurance in appellant association November 4, 1927, and the benefit certificate in suit was issued and delivered to him on or about December 1, 1927. The by-laws of appellant provided that the supreme board of trustees might expel any member for untruthfully answering any of the questions in his application for membership and insurance. Under these by-laws charges were filed by Dr. J. O. Hanchett, supreme medical director of appellant, charging Helton with having falsely answered the aforementioned matters in his application for membership and insurance. The date of filing of these charges was not shown, but they were sworn to by Dr. Hanchett on June 24, 1929, before a notary public. The citation issued to Helton of the charges stated that said medical examiners did not know of the misrepresentations, "until on or about April 24, 1929," and that the hearing was set for September 26, 1929. The hearing on the charges was held September 27, 1929, on which date an order of expulsion was entered by the board of trustees. Appellee did not appear at the hearing. Appellant's petition for cancellation of the certificate of insurance alleged "that there had been paid to plaintiff herein twenty-three monthly life benefit rates of $10.00 each, aggregating the sum of $230.00, and that defendant has paid twenty-three monthly tent dues of 25¢ each, making a total payment due defendant of $235.75." This amount appellant tendered into court. If the monthly payments of rates be computed from December 1, 1927, the date of the benefit certificate, the payments alleged and admitted by the pleadings would have paid all rates and dues accruing on the certificate through November, 1929. If such monthly payments be computed from November 25, 1927, the date Helton was accepted as a member, or from November 4, 1927, the date of his application for membership and insurance, then the payments alleged and admitted by the pleadings would have paid for the month of October, 1929. Thus it was shown that appellant collected and accepted premiums and dues on the certificate for several months after its supreme medical examiner knew of the misrepresentations complained of; and that appellant collected and accepted premiums and dues after it had voted to expel Helton from the association. There was also evidence to the effect that appellant's agents accepted premiums and dues and first declined to accept them in January, 1930; and the jury so found.

The law is settled that where "an insurance company which issues and delivers a policy and accepts the premium thereon or thereafter collects and retains a premium with knowledge of existing facts which, if insisted on, would invalidate the policy, waives conditions thereof inconsistent with the facts so known, and is estopped from thereafter asserting the breach of such conditions in avoidance of liability." 24 Tex. Jur. 912, § 170; Equitable Life Assur. Soc. v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Southern Travelers' Ass'n v. Masterson (Tex. Civ. App.) 48 S.W. (2d) 771 (writ of error refused); Southern Underwriters v. Jones (Tex. Civ. App.) 13 S. W.(2d) 435 (writ of error refused); Home Benefit Ass'n v. Catchings (Tex. Civ. App.) 38 S.W.(2d) 386 (writ of error refused).

■ Appellant contends that the court erred in rendering judgment for appellee for $2,500 under the permanent total disability clause, which provided for payment of $2,500 only "in the event of permanent total disability after one full year of continuous membership under this certificate," because the undisputed evidence showed that Helton suffered such permanent total disability before the

expiration of one year after the certificate was issued and delivered to him. We do not sustain the contention.

No issue was submitted nor requested to be submitted to the jury as to when appellee became permanently and totally disabled; and if the evidence should be regarded as conflicting on the issue, then the trial court will be deemed to have found the issue in favor of the judgment rendered. However, the undisputed evidence showed Helton to have suffered permanent total disability within the meaning of the insurance contract, and that while the disease or injury which resulted in such disability originated within one year after the issuance and delivery of the certificate, still he did not become permanently and totally disabled until "after one full year of continuous membership." The insurance contract does not fix liability as of the date of origin of the disease or injury which may later result in permanent total disability, but provides that "in the event of permanent total disability after one full year of continuous membership," it shall be liable for the payment of the sum specified.

The judgment of the trial court will be affirmed.

Affirmed.