163 So. 632

## AMERICAN STANDARD LIFE INS. CO.
## v. JOHNSON.
### 6 Div. 786.

Supreme Court of Alabama.
Oct. 17, 1935.

R. G. Redden, of Vernon, for appellee.
Brief did not reach the Reporter.

THOMAS, Justice.

The trial was had on common counts and conversion of certain notes given for premiums on insurance. The judgment was for plaintiff.

The insistence here is that the notes were not the subject of conversion; that there was error in the oral instruction to the jury and error to refuse the general affirmative instruction requested and refused to defendant.

The rule of giving and refusing general affirmative instruction is well understood. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. In this case there were adverse inferences that may be drawn as to plaintiff's interest in the notes as he took and transmitted the same to his principal in lieu of cash premiums required.

The trial court in its oral charge, with reference to the notes in question, instructed as follows: "Now, gentlemen, evidence has been offered in this case tending to show, indeed I believe the court may state that the parties agree that the plaintiff in this case took certain notes from people to whom he sold insurance to secure the payment of initial premiums on the policies issued and that he sent these notes, that he endorsed them by writing his name across the back of the notes, and sent these notes or placed these notes with the defendant company to be held by the defendant company as security for any monies which the plaintiff might be due the defendant on account of advancements made by the defendant company to the plaintiff, and on account of monies that might be due by the plaintiff to the defendant on account of nets, they call it."

Hugh A. Locke, of Birmingham, for appellant.

To this there was due exception, and the court sought to modify the instruction as follows: "So twenty per cent of the notes would belong to the defendant company, and eighty per cent the defendant held as security for any indebtedness which the plaintiff might be due to the defendant company." '

Exception was made to that part of the modification which assumed that it was an established fact that a part of the notes was given and held as security for any indebtedness which the plaintiff might be due the defendant. This was the assumption of a disputed fact of suretyship—an important issue to be determined by the jury.

If these negotiable papers were indorsed in blank by the payee, and if title vested in the holder thereof under the modified contract (Dawsey v. Kirven, 203 Ala. 446, 83 So. 338, 7 A. L. R. 1658), there was error, and the trial court invaded the province of the jury in such assumption and instruction.

To be entitled to the right of recovery for conversion, plaintiff must have general or special title to the property in question, and the possession or immediate right of possession; and the party complained against must have wrongfully exerted some act of dominion over such property inconsistent with and destructive of the title of the party plaintiff. 26 R. C. L. p. 1098; Holman v. Ketchum, 153 Ala. 360, 45 So. 206; First Nat. Bank of Gadsden v. Morgan, 213 Ala. 125, 104 So. 403; Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907.

"It is the province of the court to construe written instruments, and declare their legal effect. But, when the legal operation and effect of an instrument depends, not only on the meaning and construction of its words, but upon collateral facts in pais, and extrinsic evidence, the inference of facts to be drawn from the evidence should be submitted to the jury." Boykin v. Bank of Mobile, 72 Ala. 262, 269, 47 Am. Rep. 408.

If the notes in question were indorsed in blank by the payee for the purpose of vesting in the defendant the entire title under the following terms of the modified contract, to wit, "The Company also agrees that where notes are sent in in settlement of premiums, that they will allow you the five per cent (5%) additional commission on your contract and will treat same as cash payments. It is agreed and understood that any notes that the Company holds and advances one-half (½) of your commission against, the payment of said notes are to be guaranteed by you," the plaintiff had neither general nor special property in the notes and cannot maintain an action for conversion.

There was error in charging the jury, as we have indicated.

It results from this that the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.