170 So. 76

**EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. FOSTER.**

**6 Div. 890.**

Court of Appeals of Alabama.

March 10, 1936.

Rehearing Denied June 30, 1936.

Howze & Brown, of Birmingham, for appellant.

220

Moore & Green, of Bessemer, for appellee.

RICE, Judge.

"Suit by Herbert Foster, suing by next friend, against the Equitable Life Assurance Society of the United States, upon a group policy of insurance, entered into by the appellant with the Sloss-Sheffield Steel & Iron Company, wherein the employees of said company were insured under the terms of said group policy against total and permanent disability by reason of bodily injury or disease.

"The plaintiff was an employee of said Sloss-Sheffield Steel & Iron Company while said group policy was in force, and, in accordance with the terms and conditions of the policy, was insured thereby against total and permanent disability. To evidence the fact that the plaintiff was so insured, the appellant duly issued to him an individual certificate, which was numbered 3556-618.

"The plaintiff alleges in his complaint that on May 1, 1932, while said group policy was in full force and effect, he became 'totally and permanently disabled before attaining the age of sixty by bodily injury or disease, and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value.' Plaintiff avers that the defendant was given due proof of such total and permanent disability prior to the filing of this suit, all of which the defendant has had notice.

"To the complaint, the defendant pleaded, in short by consent, the general issue, with leave to give in evidence any matter, which, if well pleaded, would be

admissible in defense of the action, to have effect as if so pleaded.

"The policy contract provides: 'In the event that any employee while insured under the aforesaid policy and before attaining age sixty becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments. * * *'

"It was agreed by the parties, on the trial of the cause, 'that the premiums on the policy in question were paid through and to May 31st, 1932, and that the last day appellee worked for the said Sloss Company was on May 13th, 1932.' And it was also agreed that the mines of the Sloss-Sheffield Company, at which appellee was working, closed down the latter part of May, 1932, and did not open until October 1, 1932.

"Unquestionably, under the evidence in the case, the policy contract terminated on May 31, 1932. The insured thereafter neither made payment of premiums thereon, nor was he thereafter in the service of the Sloss-Sheffield Steel & Iron Company.

"The evidence leaves no room to doubt that during the month of September, 1932, and continuously thereafter, down to the date of the trial of the cause, the said Herbert Foster became and was totally and permanently disabled, by reason of insanity, and was thereby presumably continuously prevented from engaging in any occupation or performing any work for compensation of financial value, and this condition will presumably continue for life.

"It will be noted, however, that the policy contract had terminated long prior to September, 1932.

"The contention of the plaintiff, however, was and is that this disability commenced in the month of May, 1932, or during the month of March of said year, and has been continuous since that time.

"The contract provided that 'upon due proof of such disability before the expira-tion of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments. * * *'

"What constitutes due proof was the subject of discussion and decision in the case of Equitable Life Assurance Society of United States v. Dorriety [229 Ala. 352] 157 So. 59. We there held that the purpose or object of requiring the insured to furnish proof of loss to an insurance company was that it might have knowledge of the particulars of the loss and all data necessary to determine its liability and the amount thereof.

"In 19 Cyc., page 849, the rule with reference to the sufficiency of proofs is stated: 'The object of the clause usually found in insurance policies, requiring the insured to furnish proofs of loss, is to give the company reasonable information as to the facts rendering it liable under the policy. Such a requirement is valid, and failure to reasonably comply with it, if not waived by the company, will defeat recovery of loss; but a substantial compliance is all that is required.'

"In 14 R.C.L. § 507, it is said: 'The sufficiency of proofs is for the court to determine, and the question need not be submitted to the jury.'

"In the instant case, the insured furnished proofs of loss, in proper form, with sufficient statement of the facts, but these proofs gave the company to understand and be informed that plaintiff's disability occurred during the month of September, 1932, and at no earlier period of time. No other proofs were furnished. These proofs disclosed, affirmatively and positively, that whatever misfortune had overtaken the appellee, and whatever disability he then labored under, did not occur until long after the policy had terminated; and at a time when the appellant was not in any wise the insurer against such disability.

"On receipt of such proofs, the appellant was not called upon to take any action whatever, and could properly close its files in the case."

This is the second appeal in this case; and all that is set out hereinabove is taken literally from the opinion by our Supreme Court, to which court the same was transferred under Code 1923, § 7326, on the first appeal. See Equitable Life

Assur. Soc. v. Foster, 230 Ala. 209, 160 So. 117, 118.

It is true that the pleadings were recast, upon the trial resulting in this appeal, so that, under same, instead of the statement in the quoted excerpt from the opinion by the Supreme Court above that: "Plaintiff avers that the defendant was given due proof of such total and permanent disability prior to the filing of this suit," it would now be proper to state: "Plaintiff avers that defendant waived due proof of such total and permanent disability prior to the filing of this suit."

In other words, as the pleadings were drawn, no question being presented as to same, the sole, decisive question litigated on the trial below and presented here was as to whether or not appellant waived the "due proof" mentioned. As the learned trial judge put it: "The plaintiff (appellee) * * * says that any lack of due proof in the proof submitted by the plaintiff to the defendant (described in the opinion by the Supreme Court quoted above —we interpolate), in the respect contended for, or claimed by the defendant, was waived by the defendant, the insurance society, in that the defendant insurance society, with full knowledge of the facts and conditions upon which such lack of due proof was based, and with full knowledge of such lack of due proof on the part of defendant, (that) the defendant waived that condition, or that failure or lack of due proof by denying liability solely upon another ground; that is, solely upon the ground, in effect, that the proof did not show that the plaintiff was totally and permanently disabled." It is not controverted that there was testimony from which the jury were authorized to infer that appellee became totally and permanently disabled by disease, within the terms of the policy, during the month of May, 1932—while the policy was in full force and effect as to him.

■ We do not think that an insurance company should be allowed to set up defensively that it does not know when a policy is no longer in force as to a given person's life. It collects the premiums, and should know.

■ But here it made the "Group Patron," the Sloss-Sheffield Steel & Iron Company, its agent in the matter of adjusting this claim made by appellee, and certain it is that this group patron knew that it paid no premiums on the policy after May 31, 1932. Appellant was bound by this knowledge. United States Fire Ins. Co. et al. v. Smith (Ala.Sup.) 164 So. 70.[1] So there seems no sort of doubt that appellant, at the time the "due proof" mentioned in the above-quoted excerpt from the opinion by the Supreme Court was filed with it, knew that the policy had long since lapsed or expired as to appellee; knew that it had expired prior to the date he claimed to have become totally and permanently disabled.

■ True it is, as the Supreme Court said, "on receipt of such proofs, the appellant was not called upon to take any action whatever, and could properly close its files in the case." But appellant did not do that. It accepted and retained said proof(s); and proceeded to investigate the claim.

So late as November 7, 1932, it required its own doctor (that of the group patron—to whom the matter was referred) to prepare a "proof of disability" for appellee. There can be no doubt that prior to the "expiration of one year from the date of the commencement" of the total and permanent disability of appellee (as the jury was authorized to find it to begin) there was filed with appellant "proof of such disability." Whether "due proof" or not—by reason of its stating a date of "commencement" subsequent to the date of the expiration of the policy, and subsequent to the date of the actual beginning of the said total and permanent disability—appellant accepted it as such, and proceeded to investigate and deny the claim; the denial being based solely on the ground that appellee was not "totally and permanently disabled." This, in our opinion, was a waiver of any failure there was, on the part of appellee, to file the kind of proof that may have been technically required by the terms of the policy prerequisite to his bringing suit for the recovery of his disability benefits; the said disability (total and permanent) undoubtedly occurring, as the jury found, in their rightful province, during the life of the policy. United States Fire Ins. Co. et al. v. Smith, supra.

■ Under the pleadings we hold the policy and certificate issued to appellee

[1] 231 Ala. 169.

thereunder were admitted into the evidence without error. Discussion, in view of what we have said hereinabove, would seem unnecessary.

We find no error in any of the rulings we have been required to review; and the judgment is affirmed.

Affirmed.

