177 So. 178

## METROPOLITAN LIFE INS. CO. v. BROWN.

### 7 Div. 292.

Court of Appeals of Alabama.

Oct. 5, 1937.

Rehearing Denied Nov. 2, 1937.

Further Rehearing Denied Nov. 16, 1937.

Chas. D. Kline, of Anniston, and Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

Ross Blackmon, of Anniston, for appellee.

RICE, Judge.

Appellee was insured against permanent total disability in a group insurance policy issued by appellant to Anniston Manufacturing Company, covering its employees. His employment by said company, and hence his insurance, ceased and determined on June 13, 1931.

Thereafter, on March 11, 1936, appellee gave notice to appellant that, while insured under said policy, he had become totally disabled in such sense that he was entitled to the benefits provided by same.

The learned trial judge stated the issue which arose on the trial of the suit by appellee against appellant which followed, and which issue became the sole subject of this appeal, as we here set out, (omitting all other matters, not here questioned) to wit:

"The burden is on the plaintiff to reasonably satisfy you from the evidence that the material allegations of the complaint are true. There are some questions that are not in dispute in the case. It is not disputed that this plaintiff, prior to June 13th, 1931, was employed by the Anniston Manufacturing Company, and it is not disputed that at that time he was the beneficiary under a group policy issued to the employees of the Anniston Manufacturing Company. It is not disputed either that on the 13th day of June, 1931, that he left the employment of the Anniston Manufacturing Company. The policy provides that if and while he is in the employment of the Anniston Manufacturing Company, the holder of the master policy, he becomes permanently and totally disabled before he is 61 years of age, then he is entitled to recover certain benefits under the policy as provided in the policy, provided further that he make proof of his disability by filing due proof to the company. It is not disputed in this case either that the (plaintiff did not file) proof of his claim of disability before March 11th, 1936. Therefore, the question is presented to you on that particular phase of the case, first, whether or not the plaintiff is entitled to recover because of his failure to furnish proof of his disability prior to March 11th, 1936. In other words, if he has right of action it must relate, so far as his disability is concerned, to the time before he left the employment of the Anniston Manufacturing Company, to-wit, June 13th, 1931. So there is a period there of five years approximately between the time he claims his right of action accrued and the time that he filed his proof of disability. So, the defendant says in its plea that he waited an unreasonable length of time to file this proof of loss or proof of disability and, therefore, he is precluded from now claiming it because he has waited too long to file it. The policy pro-

vides that he must file this proof of loss—it doesn't say so far as his right of action is concerned, the policy is silent as to when he should file it; the policy provides that he cannot bring suit on the policy until after six months after he has filed his proof of disability.

"So, as a matter of law then, he has waited too long, in the opinion of the court, he waited too long to file his claim for disability, but the mere fact that he did wait too long and waited an unreasonable time, as the court finds it to be, doesn't necessarily preclude it, because the company could waive that if they wanted to. So, when he filed his claim on March 11th, 1936, of this year the company had a right at that time to take the position that because he had waited so long, had waited five years to file his claim, they had a right to deny the payment of it for that reason alone as a matter of law; they could have stood on that right or they could have waived it by their action in the matter, and they could have said it is a fact as a matter of law that we have a right to defeat this cause of action because of his failure to file his claim—we will not resist it on that, but we will test it out on other grounds and not stand on that right. So, then, it becomes a question of fact for you to determine, whether or not the company waived that right that they had, that legal right. In that particular it is the insistence of the defendant that they did not waive it, that although they gave the plaintiff the opportunity to make the proof that they did not waive that right that they had and they still claim that right in this law suit and set that up as an answer to the complaint, that the plaintiff has waited an unreasonable length of time to file the claim; and the plaintiff comes back on the other hand by replication and an answer to the plea and says in effect this, that the company, after receipt of this proof of loss or proof of disability on March 11th, 1936—that is the date that it was filed—that they did not propose to stand on their right to defeat the claim because of the unreasonable length of time but they are claiming, or the company claims, that there was no disability originally, that he never was disabled and, therefore, waiving the right that they had to claim it had been filed in an unreasonable length of time, they waived that feature of it and proposed to defeat the action or contest the right of the claim that he was not totally disabled back in 1931

and, therefore, he is not entitled to recover for that reason.

"Now, it is the law that the company, if they waived or if they took the position rather that there was no disability, and that is the position they took when he filed his claim in 1936, that he didn't have a right to recover because he was not disabled and that is the position they took then that would waive the contention or the right that they had to defeat the action because the proof had not been filed in a reasonable time, and the burden is on the plaintiff in the case, under his replication, to show or to reasonably satisfy you that the defendant company had waived that right. As to whether or not they had waived it is a matter for your determination and for you to draw the conclusion. If you are reasonably satisfied from the evidence that the defendant company did not waive that right, that is, if you are reasonably satisfied that they based their defense not on the question of his disability vel non and, thereby, did not waive the right that they had to defend the action on the ground that there had been an unreasonable length of time before filing of the claim of disability, then the plaintiff would not be entitled to recover. In other words, if the company did not waive that right then they still have the right to set it up in this cause of action. If they have waived it they haven't the right. Now, that is putting it in straight language. If they haven't waived it then they still have got the right and it is a complete answer to his cause of action, because as a matter of law he did wait too long, but if they have waived it then you just forget about that part of it, because if they are not defending the suit and are not making the contention of liability on that phase of it, then we have to look into the other question.

"If you are (not) reasonably satisfied from the evidence that the defendant company has waived it, then you go further and that brings us to the other inquiry, whether or not in 1931 prior to the time that the plaintiff left the employment of the Anniston Manufacturing Company he was totally disabled. The policy provides that when he leaves the company's employment that immediately voids his rights under the policy unless he was disabled at that time. In other words, if he left the company and at that time he was not disabled, then his rights under the policy would end because the policy provides that

he has no right unless he is employed by the company, but if he left the company's employment and at the time he left the company's employment he was disabled under the terms of the policy, then the fact that he left would not interfere at all with his rights under the policy because his rights would have accrued at the time he was disabled, and the fact that he left it after then would make no difference. So, then, that brings us to this question, whether or not at the time he left the company's employment on June 13th, 1931, he was totally disabled within the terms of the policy."

The excerpt from the oral charge of the court which we have quoted seems to us in all respects, where it purports to do so, to state the law as it exists in our state. Rhode Island Ins. Co. of Providence, R. I. v. Holley, 226 Ala. 320, 146 So. 817; Equitable Life Assurance Soc. of the U. S. v. Foster, ante, p. 219, 170 So. 76, certiorari denied, Id., 233 Ala. 77, 170 So. 79.

The contention made here by appellant, and, as we understand its brief, the sole contention, is that the trial court erred to a reversal of the judgment in not finding, as a matter of law, that the evidence, undisputed as it was, failed to show a waiver on the part of appellant of its right to plead in bar of appellee's complaint the unreasonable delay in giving notice of the total and permanent disability averred. And in not giving, therefore, it being conceded that the delay was unreasonable, to the jury, the general affirmative charge to find in appellant's favor.

But we do not agree. If, indeed, appellant did, after receiving, considering, and investigating, appellee's claim, deny same on the sole ground that appellee was not, as it contended at the trial, totally and permanently disabled, it thereby waived, once and for all, its right to plead that the "notice" was not given to it within a reasonable time. Rhode Island Ins. Co. of Providence, R. I. v. Holley, supra; State Life Ins. Co. v. Finney, 216 Ala. 562, 114 So. 132.

It is true enough, as a general rule, that it is the duty of the court, and not the jury, to construe all writings introduced in evidence. Georgia Home Insurance Co. v. Allen, 119 Ala. 436, 24 So. 399. But, when the legal operation and effect of an instrument, or instruments, depends, not only on the meaning and construction of its words, but upon collateral facts in pais, and extrinsic evidence, the inference of facts to be drawn from the evidence should be submitted to the jury. American Standard Life Ins. Co. v. Johnson, 231 Ala. 94, 163 So. 632. That, as we see it, is exactly the case here.

The writings introduced into the evidence touching upon appellant's waiver, vel non, of its right to plead an unreasonable delay in the giving to it by appellee of the required "notice" are not complete within themselves. Another, and apparently a controlling writing, and one which bore on the meaning of all the others, the letter from appellant under date of June 23d, was not introduced into the evidence. Without it, as we conclude, no court could declare, as matter of law, the meaning of the others. So it seems to us, and we hold, that the question of whether or not appellant waived its defense of "unreasonable delay in giving the required notice" was properly left to the jury.

It results that the judgment is due to be, and it is, affirmed.

Affirmed.

### On Rehearing.

In addition to what we have said on original submission, perhaps we should add that there were matters, shown by the evidence, which we will not detail, but which have been pointed out by appellee's counsel in his brief filed on this application for rehearing, upon which depended the "legal operation and effect" of the written instruments (letters) which appellant takes us so strongly to task for refusing to assume to construe. And hence we adhere to the conclusion reached in our original opinion.

The application is overruled.