## HUTCHASON v. POLICEMEN'S BURIAL FUND ASS'N.

### No. 11470.

Court of Civil Appeals of Texas. Galveston.

Nov. 19, 1942.

Allen, Helm & Jacobs, of Houston, for appellant.

Sears, Blades, Moore & Kennerly and Geo. D. Neal, all of Houston, for appellee.

GRAVES, Justice.

In the court below, Mrs. J. H. Hutchason, a widow, sued Policemen's Burial Fund Association for death-benefits alleged to be due her, because of the death of her husband on November 27, 1940. The action was on a membership certificate, carried by J. H. Hutchason with the defendant Association, and providing for the payment of the residue of $1,500, after his funeral expenses had been deducted therefrom, to his widow, upon his death.

Policemen's Burial Fund Association defended on the theory that the certificate of membership was not in force at the time of deceased's death, because the deceased had ceased to be a qualified member, and because of nonpayment of dues.

At the conclusion of plaintiff's evidence, the trial court granted the defendant's motion for an instructed verdict; from that ruling the plaintiff perfected this appeal.

In this court appellant's first three points for a reversal are these:

"One.

"When the defendant Association accepted dues and premiums from the deceased, after it had knowledge of the occurrence of conditions giving it the right to forfeit the deceased's membership in the Association, it waived the right of forfeiture and recognized the continued membership of the deceased in the Association under the changed conditions.

"Two.

"After the defendant Association had once waived the right to forfeit the deceased's membership, it could not later revoke that waiver and insist upon the forfeiture.

"Three.

"The court erred in instructing the jury to return a verdict in favor of the defendant, for the deceased was excused from tendering further premiums and dues, when the defendant Association refused to accept the payments tendered in July for the months of July, August, and September."

A further two-point contention is made that the evidence heard raised issues of fact over these details:

(1) That the appellee-Association retained the payments it collected from the deceased from February 28 of 1939;

(2) The contradictory character of the witness Fowler's testimony—on direct examination—that appellee had collected and retained premiums from the deceased for the months of March, April, May, and June, 1939, placing the sums in its treasury, and that by him—on cross-examination—that he probably repaid all this money to the deceased, left a jury question over which testimony was correct.

After careful examination of the record, alongside the briefs and oral arguments of both parties, this court is unable to see eye-to-eye with appellant in any of her contentions.

She supports the structural first three of them by citations of authorities dealing exclusively with the rules applicable to one kind or another of insurance cases—that is, she likened herself, as the beneficiary under this benefit-certificate issued to her husband in the appellee Policemen's Burial Fund Association, to what would have been her resulting situation, had that organization been an insurance company created, or at least regulated, by statutory law; whereas, under the undisputed facts, it was merely a voluntary, non-profit, unincorporated association, and the contract she here declared upon between her husband and it was not an insurance contract in the ordinary acceptation of that term at all, but merely a private agreement between her husband and all other members of the Association for the purpose of mutually and reciprocally providing, inter sese, burial benefits for themselves and their beneficiaries, only so long as they (being contemporaneously in good standing with it) also remained members of the Houston Police Department; by its express terms no member being qualified to retain his membership in or his burial certificate from the Association, after he had ceased to be a member of such Police Department, unless he had had 10 years or more of continuous service with that Department. Wirtz v. Sovereign Camp, 114 Tex. 471, 268 S.W. 438; Brown v. Harris County Medical Soc., Tex.Civ. App., 194 S.W. 1179; Manning v. San Antonio Club, 63 Tex. 166, 170, 51 Am.Rep. 639; Harris v. Thomas, Tex.Civ.App., 217 S.W. 1068; Gaines v. Farmer, 55 Tex.Civ. App. 601, 119 S.W. 874; 5 C.J., page 1341, §§ 25, 26; 7 C.J.S., Associations, § 11.

As indicated, the undisputed evidence here showed that appellant's deceased husband had not been such a member of the Houston Police Department for 10 years— in fact, he had only been a member eight and a quarter years; and he had ceased to be a member at the end of such eight and a quarter years on February 28 of 1939, the date of his discharge from the Houston City Police Department for physical inability, and that he did not die until November 27 of 1940.

█ So that right at its base, the cause of action declared upon by the appellant was not referable to the rules of law appertaining to benefits inuring to beneficiaries under policies of ordinary insurance, but to those governing an entirely different form of contract, which was thus a private one between the appellant's deceased husband and all his fellow makers of it, which under their self-imposed constitution and by-laws, was specifically only effective as to him so long as he remained a member of the Houston Police Department, short of 10 years or more of continuous service therein; wherefore, on the face of the rules and regulations they themselves set up as the measure of their benefits, she

did not come within the principles of waiver, as applied to insurance contracts she so depended upon.

Indeed, as recited supra, under such Association agreement he made with his fellow members thereof, her deceased husband was not only required to comply with all its by-laws, rules, and regulations, paying all dues, assessments, and fines, as therein provided, during his lifetime, but further, and equally as explicitly, upon his death at any time short of 10 years' continuous service with the Police Department, his beneficiary would only be entitled to the residue of the $1,500 burial certificate, if he had been at the time a member in good standing of the Association.

As stated, all the authorities appellant relies upon were applicable to cases sounding in insurance law only, her main ones being these: Equitable Life Assur. Soc. v. Ellis, 105 Tex. 526, 147 S.W. 1152, 152 S.W. 625; Calhoun v. The Maccabees, Tex. Com.App., 241 S.W. 101; The Maccabees v. Helton, Tex.Civ.App., 70 S.W.2d 354, writ of error refused; Home Benefit Ass'n v. Catchings, Tex.Civ.App., 38 S.W.2d 386, writ of error refused; Mutual Life Ins. Co. v. Davis, Tex.Civ.App., 154 S.W. 1184, writ of error refused; Hollister v. Quincy Mutual Fire Ins. Co., 118 Mass. 478; State Life Ins. Co. v. Finney, 216 Ala. 562, 114 So. 132; Vance, Insurance, § 131, page 4691; 32 C.J. 1355, § 640.

■ As contra to these rules, it must be held that this Association was not an insurance company in any legal sense—it being, as above recited, merely a group of policemen in the City of Houston contracting among themselves, one with another, that they would, as indicated, protect their families against burial expenses for themselves, in the event they should die while members in good standing of it. The rules of law applicable to such "certificate-holders", as distinguished from "policy-holders", are declared in the line of cases last cited, supra.

■ By well-settled authority also, when Mr. Hutchason became a member of this Association, he agreed that he would abide by all of its rules and regulations; Evans v. Southside Place Park Ass'n, Tex. Civ.App., 154 S.W.2d 914, writ of error refused.

Under the mutually agreed facts, he became a member of the Houston Police Department in November of 1930, and, by virtue of that fact, having become eligible in the membership of the appellee Association, he joined it in December of 1930, and remained a member of it in good standing until February 28, of 1939, when he was discharged on account of physical disability, without there having been any control in the appellee Association over either the hiring or firing of policemen by the Houston Police Department; thus he had remained a member of the Police Department only 8 years and 3 months at the time of his discharge, which, by the cited rules of his own organization, left him no longer eligible to further retain his membership in it; however, he did not die until November 27 of 1940, one and one-half years after his discharge as a policeman in 1939.

The gist of appellant's controlling contention on this appeal is, as her quoted points make manifest, that the admitted forfeiture of her deceased husband's membership in the Association had been waived by it, because its secretary, as she alleges, had for it accepted his dues—notwithstanding—as for his continuing membership therein for the months of April, May, and June of 1939, when Messrs. Brown and Weaver, President and member, respectively, of its Board of Directors, had then known of his discharge on February 28, 1939.

As a corollary, she further insists, in response to appellee's claim that such dues were returned to and accepted by her husband without protest prior to his death, that at least an issue of fact over whether such dues had been accepted by the Association was raised by the evidence, wherefore, in any event, the peremptory instruction against herself had been reversible error.

As presaged by what has gone before, this court is constrained to hold that her position cannot be maintained under the facts and the law otherwise conclusively appearing, irrespective of whether or not such a claimed issue of fact was raised on the face of the pleadings and evidence; this, for the reason that the sequence of events as to her husband's tenure, as already given, having been undisputed, and it being likewise shown that the secretary only of his Association first accepted his dues for the three months she relied upon, and thereafter was officially directed by the appellee itself—acting through its governing body— to return such dues to the deceased, with

the official advice that they could not be accepted, because of the deceased's having prior to that time become ineligible to continue membership in the Association by his having been dismissed from the Police Department on the 28th day of February, 1939; it further so appeared that thereafter the deceased had been tendered by the appellee's secretary, and had accepted, the return of his dues for the month of July of 1939 for the same reason, and that at no time thereafter during the balance of his life had he ever claimed membership in the Association, or complained of the return to him of such July dues.

Under neither the facts nor the law as applicable here, therefore, was there, nor could there have been, under its contract with him, any waiver of its part of the forfeiture of the deceased's membership therein by the appellee-Association.

It having thus appeared that whatever acceptance there had been of quarterly dues for April, May, and June of 1939 from Mr. Hutchason had been due to a mistake upon the part of Mr. Fowler, appellee's secretary, in that he did not then know that Hutchason was no longer a member of the Police Department; further, that immediately upon his discovery and report of that development to the appellee's Board of Directors, it had at once repudiated any recognition of continuing membership in the Association by Hutchason, and had officially directed its secretary to so advise him, as well as to return him any dues he may have paid for any time after his discharge as a member of the Houston Police Department. There was, accordingly, no waiver, under the general principles governing that doctrine. Cliett v. Williams, Tex.Civ.App., 97 S.W.2d 272; Bering Mfg. Co. v. W. T. Carter & Bro., Tex.Civ.App., 255 S.W. 243, affirmed, Tex.Com.App., 272 S.W. 1105; 43 Tex.Jur. 895; The Prætorians v. Strickland, Tex.Com.App., 66 S.W. 2d 686.

Moreover, it would seem to have been a fundamental violation of the contract between the parties, to claim a waiver in such circumstances, under the authorities already cited herein.

Further discussion is deemed unnecessary, since these conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.