56 So.2d 353

**BOOKER T. WASHINGTON INS. CO. v. CROCKER.**

**7 Div. 119.**

Court of Appeals of Alabama.

Oct. 16, 1951.

Rehearing Denied Nov. 6, 1951.

Arthur D. Shores and Peter A. Hall, Birmingham, for appellant.

Stringer & Montgomery, Talladega, for appellee.

PRICE, Judge.

Appellee was named beneficiary in a policy insuring the life of her sister, Rachel Wallis, who died April 18, 1949. From a verdict and judgment for plaintiff in the sum of $500.00, the amount of the policy, defendant appeals.

The complaint, containing one count, was in code form.

In addition to the general issue, defendant filed plea 2, alleging fraud in the procurement of the policy, and charging there was no contract of insurance because it was void in its inception, for that, there was a substitution or impersonation of the insured by a third person.

The demurrer to this plea was properly sustained. There was an absence of averment that the alleged fraud was committed by plaintiff or authorized by her. 24 Am. Jur. (Fraud & Deceit) Sec. 252, and it is not alleged that defendant did not have knowledge that the person signing the application was not Rachel Wallis, at the time the policy was issued, or at the times premiums were collected on said policy.

Defendant filed an additional plea numbered 2, and plea 3. Demurrer was sustained as to plea 2 and overruled as to plea 3.

Said pleas are as follows:

"2. Defendant avers that the contract sued on is void and was completely void from its inception for that at the time of its purported execution, on to-wit, June 24, 1946, and for a long time prior thereto, from to-wit January 31, 1944, and until her alleged death on to-wit April 18, 1949, the alleged insured was insane, and was at all times pertinent an inmate of Searcy Hospital for the insane at Mt. Vernon, Alabama; and defendant avers that it is not obligated under the aforesaid Contract, beyond a return of premiums paid thereon; and defendant has heretofore tendered said premiums to the named beneficiary, who is plaintiff in this action; and now pays unto Court $58.80 which is an amount equal to all premiums paid on said Insurance Policy Contract.

"3. And for further answer defendant says that one of the conditions precedent to recovery, contained in the policy contract sued on in this cause, is that the beneficiary must submit proof of the death of the insured, to the insurer, and defendant avers that it has not received due proof of the death of Rachel Wallis, the alleged insured, under the contract sued on."

Plaintiff filed following replications to plea 3:

"1. That the allegations thereof are untrue.

"2. That after the death of the said Rachel Wallis, whose life was insured by the terms of the policy upon which this suit is brought and before this suit was filed by plaintiff, defendant refused to pay

the policy upon which this suit was brought on the ground that at the time the policy was written, the insured was confined in the insane hospital at Mount Vernon, Alabama, and was so confined until she died, and that whoever made out the application, which was purportedly signed by Rachel Wallis, stated that she was in good health and had never been sick, which representation was false, and tendered to plaintiff check for all premiums paid on the policy, which tender was refused by plaintiff."

In support of assignment of error to the court's action in sustaining demurrer to plea 2, appellant lays stress on the proposition that contracts of insane persons are absolutely void, and insists that due to the insanity of Rachel Wallis there was never any contract of insurance issued in this case.

■ There is no averment in said plea that the insured, Rachel Wallis, was the applicant for the policy of insurance, or that she was a party to the contract or undertook to give assent thereto. We are of the opinion that, the demurrer sufficiently takes the point that the insanity of the insured would be no answer to the complaint, in this case, unless it is alleged that in the negotiations for the contract or policy, or in the application therefor, misrepresentations of such fact were made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss.

■ There are types of fatal maladies, such as "tuberculosis and cancer," of which the courts take judicial knowledge as being material to the risk of insurance, but we find no authority holding that the courts take judicial knowledge of the disease of insanity of insured so as to relieve defendant of the necessity of alleging that such fact was material to the risk; made with intent to deceive, and that defendant, relying thereon, issued the policy and was thereby deceived. Section 6, Title 28, Code of 1940 and citations thereunder.

These special pleas being eliminated by the sustaining of the demurrers, the cause was tried upon the complaint, plea of the general issue, plea 3, and replications to plea 3.

■ On the trial plaintiff introduced the policy sued on, and she testified that assured died on April 18, 1949, and shortly thereafter plaintiff delivered the policy to an agent of defendant. She was offered a check for $58.80, return of premiums, which she refused to accept.

Plaintiff also offered in evidence as Exhibit B a letter from her Attorneys, Stringer & Montgomery, to defendant company, requesting return of the policy and inquiring as to the reason for delay in making settlement under the policy, and, as Exhibit C, reply letter to Stringer & Montgomery from Arthur D. Shores, defendant's attorney, enclosing policy and stating that check for $58.80, premiums paid on policy, had been mailed to plaintiff, and that defendant declined payment of benefits because of false representation in the application as to insured's health.

This evidence made out a prima facie case for plaintiff. Manhattan Life Insurance Company v. Verneuille, 156 Ala. 592, 47 So. 72; Life & Casualty Ins. Co. of Tennessee v. Bryan, 33 Ala.App. 294, 33 So.2d 25.

■ Defendant introduced testimony by C. J. Powe, Adjustor of Claims for defendant, that in the course of his duties he received the policy and proof of death of Rachel Wallis, and a verified statement by Dr. Henry S. Rowe, assistant Superintendent of Searcy Hospital, that Rachel Wallis was admitted to the hospital because of a mental condition on January 31, 1944, and remained as a patient in said hospital until her death.

The evidence was ample to sustain the verdict and there was no error in overruling the motion for a new trial.

■ The charge of the court was a correct statement of the law. If the defendant denied liability on the ground of misrepresentation or fraud in the procurement of the policy, it waived the right to defeat the action because of failure of preliminary notice and proof of death of insured, and it is for the jury to determine

whether such right is waived. Metropolitan Life Ins. Co. v. Brown, 27 Ala.App. 602, 177 So. 178; All States Life Ins. Co. v. Steward, 242 Ala. 258, 5 So.2d 784.

The charges requested by defendant were argumentative, not based on a consideration of the evidence, or were incorrect statements of the law, and their refusal was without error.

The judgment is affirmed.

Affirmed.